IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY HINES, #166340, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-17-MHT |
| | ) [WO] |
| | ) |
| DIRECTOR MARSHBURN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Anthony Hines ["Hines"], a state inmate, challenges the calculation of his release date. Specifically, Hines complains that his time sheet is incorrect as it indicates that he is required to serve forty-nine (49) months in prison which is thirteen (13) months beyond the 3-year sentence imposed upon him. *Plaintiff's Complaint* at 3. He requests that this court correct his time sheet to reflect the appropriate release date and order that he be placed on work release. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate upon application of the provisions set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A.  Calculation of Release Date

It is clear to this court that success on plaintiff's challenge to the calculation of his release date would necessarily impact the duration of his incarceration.  Consequently, this claim is not presently cognizable in a section 1983 action.  "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (the Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks ... speedier release, even though such a claim may come within the literal terms of § 1983.").  Thus, the instant collateral attack on the calculation of Hines' release date is prohibited by *Preiser*, and such challenge is therefore due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as Hines has no cause of action under 42 U.S.C. § 1983 at this time.

### B.  Work Release

To the extent Hines asserts a constitutional right to placement on work release, he is likewise entitled to no relief from this court.  The law is well settled that an inmate in the

Alabama prison system has no state created liberty interest which entitles him to work release, *Francis v. Fox*, 838 F.2d 1147, 1149 (11th Cir. 1988), nor does the Due Process Clause itself create a constitutionally protected interest in work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002) (inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999) ("Since an inmate is normally incarcerated in prison, [the failure to place the inmate on work release] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest."); *Codd v. Brown*, 949 F.2d, 879 (6th Cir. 1991) (prisoners have no inherent due process interest in work release); *see also Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996) (inmate summarily removed from work-release program for various penalogical reasons and transferred to a medium security prison after having successfully participated in work release for four years did not possess protected liberty interest in remaining in work release because confinement within the prison walls of medium security prison constituted "an 'ordinary incident of prison life.' It is not 'atypical.'"); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669 (8th Cir. 1996) (return of an inmate to prison after revocation of his work release status imposed neither an atypical nor

significant deprivation under *Sandin v. Conner*, 515 U.S. 472 (1995) because prison is "not atypical of what inmates have to endure in daily prison life.").

In light of the foregoing, the court concludes that any assertion of a right to participation in the work release program is indisputably meritless as it alleges "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Hines' request for placement on work release is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the calculation of his release date be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The plaintiff's request for placement on work release be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before January 31, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent in the Eleventh Circuit all of the decisions of the former Fifth Circuit Court of Appeals which were handed down prior to the close of business on September 30, 1981).

Done this 19th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE